# THE GILBERT GULBRANDSON ESTATE, INCORPORATED, v. HART-PARR COMPANY.[1]

May 29, 1919.

No. 21,250.

**Sale — breach of express warranty of machine — question not for jury.**

1. In an action to recover for the breach of an express warranty of the condition and capacity of a farm tractor, alleged to have been sold by defendant to plaintiff, it is *held* that the evidence is insufficient to justify submission to the jury of the claim presented on the trial that the sale was by the local agent of defendant and not by defendant.

**Same — written contract.**

2. The contract relied on by plaintiff, formed by a written order for the tractor, addressed to and accepted by defendant by written indorsement thereon, *held* not overcome as the contract between the parties by the fact that payment of the purchase price of the property was made to the local agent, nor by the fact that the tractor was shipped from the factory in the name of the local agent.

Action in the district court for Freeborn county to recover $880 for breach of warranty in the sale of a tractor. The substance of the pleadings will be found in the second paragraph of the opinion. The case was tried before Catherwood, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*H. C. Carlson, H. H. Dunn* and *A. U. Mayland,* for appellant.

*John F. D. Meighen* and *Bennett O. Knudson,* for respondent.

BROWN, C. J.

Action to recover damages for the breach of an alleged warranty of the condition and capacity of a farm tractor sold by defendant to plaintiff. Defendant had a verdict and plaintiff appealed from an order denying a new trial.

[1]Reported in 172 N. W. 704.

The complaint alleged the sale and delivery of the tractor by defendant, and the terms and provisions of the alleged warranty; that the warranty was untrue in that the machine was not in compliance therewith, and would not and could not be made to do the work for which it was manufactured and sold.   The defense to the action was:   (1) A denial that defendant sold or warranted the tractor in question; that it was sold to plaintiff by an implement dealer at Albert Lea; and (2) that there was, prior to the commencement of the action, a full settlement and adjustment of plaintiff's claim for the alleged breach of the warranty, by which defendant was released and discharged from further liability thereon.

The issues thus presented were submitted to the jury, over the objection and exception of plaintiff, and whether the court was in error in so submitting them presents the only question in this court.

1.   The issue whether the tractor was sold by defendant or by the local dealer constituted the principal controversy on the trial.   The correctness of the ruling of the learned trial court in sending the question to the jury must be determined by the evidence as presented at the trial. It is all contained in the settled case and therefrom we find the following state of facts:

Defendant is a corporation and the manufacturer of the tractor in question, with its office and place of business at Charles City, in the state of Iowa. · The Motor Inn Company is a dealer in agricultural implements, including tractors of the character of the one in question, with its place of business at Albert Lea, this state, and at the time of the transaction in question was the local agent of defendant for the sale of its machinery in that territory.   Plaintiff is a Minnesota corporation, engaged in operating several farms in the vicinity of Albert Lea.   Late in April, 1915, the manager of plaintiff applied to the Motor Inn Company for the purchase of a tractor for farm use.   Soon thereafter plaintiff's manager, accompanied by a representative of the Motor Inn Company, went to Charles City, Iowa, and at the office of defendant negotiations for the purchase of the tractor were fully completed, in consummation of which plaintiff, through its manager, signed a written order for the machine, addressed to defendant, wherein all the terms of the sale were fully stated, and attached thereto and made a part thereof

was the warranty upon which the sale was made. At the end of the order was a formal acceptance properly signed by defendant. The form of order used was furnished at the time by defendant. On the face of the document there was a full and complete contract for the sale of the tractor by the defendant to plaintiff, with a pencil memorandum at the bottom, "A/c Motor Inn Co., Albert Lea, Minn." It was retained by defendant. The order directed that the tractor be shipped to the station of Hayward, this state, and provided for an initial payment of $75, a check for which was issued by plaintiff on the date the contract was entered into, payable to the Motor Inn Company. Soon after the order was so made and accepted defendant shipped the tractor to Hayward, as directed by its terms, but the Motor Inn Company was made consignee. It was immediately delivered to plaintiff and removed to its farm by an expert sent by defendant to put the machine in working order. Plaintiff subsequently paid the full purchase price by check payable to the Motor Inn Company, defendant's local agent. The tractor subsequently proved defective and not in compliance with the warranty, by reason of which this controversy arose. Defendant was notified of the defective condition of the machine and despatched agents to plaintiff's farm to remedy and repair the same. The evidence furnishes no suggestion that the order for the machine with the acceptance of defendant appended thereto, was ever withdrawn or abandoned by the consent of the parties, or even attempted to be withdrawn, and it is clear that plaintiff at all times supposed and believed that it was dealing direct with defendant as indicated by the written contract; nothing to the contrary was asserted by defendant until after this action was commenced.

The contention of defendant that the tractor was not sold under the written order, that defendant sold it to the Motor Inn Company, and that the sale to plaintiff was by that concern, in our view of the record is not sustained by the evidence, and there was error in submitting the question to the jury. The claim bears earmarks of an attempt to escape from the warranty upon which the action is founded which, if successful, would leave plaintiff wholly without a remedy, for no bargain or contract of any kind appears to have been made between plaintiff and the Motor Inn Company; in fact the manager of that company

testified without reservation that the sale was made under and pursuant to the order signed up at the offices of the company as heretofore stated. We think the evidence is clear enough that the sale was made under that order, and that it was shipped in the name of the Motor Inn Company, defendant's agent, as a matter of convenience, or perhaps following a custom in other like transactions. Clearly the act of defendant in so shipping the machine should not be held, in the face of the written contract, to justify the conclusion that the sale was by the Motor Inn Company. For the same reason the payment of the purchase price to that company can have no such effect. We may take notice that such is not an unusual practice in dealings between parties so situated. And since those two items of evidence constitute, in point of substance, the only evidence in support of the defendant's claim that the order for the machine was wholly disregarded, and that the sale to plaintiff was by the local agent, it seems clear that the effort by which defendant sought to wholly divorce itself from the transaction fails. Written contracts should not thus lightly be brushed aside. The record contains no fact which can be construed as indicating to plaintiff that the original contract did not at all times remain in full force and effect. Northwestern F. & M. Ins. Co. v. Connecticut Fire Ins. Co. 105 Minn. 483, 117 N. W. 825.

2. The evidence presented a question for the jury upon the issue whether there was a fulfilment of the warranty, but we find no satisfactory basis for the conclusion that there was a compromise and settlement of the claim for damages for the alleged breach thereof. And, since there must be a new trial for the reason stated, we make no further reference to that feature of the case. The evidence on another trial may be more definite and clear.

Order reversed.